FRANK MAIER v. RANDOLPH & RANDOLPH.

1. BILL OF PARTICULARS — *Cause of Action Stated.* Where a bill of particulars in a justice's court alleges, in substance, that the plaintiffs owned a two-year-old thoroughbred Shorthorn bull, and the defendant, by his employé and agent, without the knowledge or consent of the said plaintiffs, killed said bull; that said plaintiffs were damaged by the killing of said bull in the sum of $250: *Held,* That the bill of particulars states a cause of action.

2. EVIDENCE; *Error.* On the trial in such a case, the plaintiffs, for the purpose of enhancing their damages, attempted to prove that the bull had an excellent pedigree, and for this purpose they introduced in evidence, by the permission of the court, but over the objections and exceptions of the defendant, a little book issued by private individuals as an advertisement of animals which they (the individuals) had for sale, and containing what purported to be a pedigree of the plaintiffs' bull: *Held,* Error.

3. TESTIMONY — *Narrative Form.* It is permissible, within the discretion of the trial court, to permit a witness to testify in narrative form, and not in answer to questions put to him.

4. ——— *Cross-Examination.* A witness cannot usually be cross-examined upon matters brought out for the first time upon the cross-examination, and which are not justified by the examination-in-chief.

5. MASTER, *Liable for Wrongful Act of Servant.* Where a master instructed his servant to go to a certain place at a certain time and kill a beef, and the servant went to such place at such time, and, finding no animal there except plaintiffs' bull, killed the bull, skinned him, dressed him, and hung his carcass up in the slaughter-house as a beef, honestly attempting to carry out his master's orders, *held,* that the master is liable.

6. ——— And *held,* in such a case and upon the facts as presented, that the plaintiffs were not guilty of such contributory negligence as would defeat their recovery.

*Error from Lyon District Court.*

ACTION brought by *Randolph & Randolph* against *Maier,* before a justice of the peace. The bill of particulars alleged that —

"The plaintiffs are now, and for more than one year last past have been, partners doing business under the firm-name and style of Randolph & Randolph; that in October, 1883, and for a long time prior thereto, they had been the owners

of a thoroughbred Shorthorn bull, that was then two years old; that said bull was of the value of $250; that at said time said defendant, by his employé and agent, without the knowledge or consent of said plaintiffs, killed said bull; and that plaintiffs were damaged by the killing of said bull in the sum of $250, for which amount, with costs, plaintiffs demand judgment."

After judgment for the plaintiffs before the justice, the defendant appealed the case to the district court. Trial at the March Term, 1884, and judgment for the plaintiffs for $144 and costs. The defendant brings the case to this court. The opinion states the material facts.

*C. N. Sterry*, for plaintiff in error.

*W. A. Randolph*, for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This action was commenced by W. A. Randolph and A. G. Randolph, partners as Randolph & Randolph, against Frank Maier, before a justice of the peace, and, after judgment, the case was appealed to the district court, in which court it was again tried, before the court and a jury, and judgment was rendered in favor of the plaintiffs and against the defendant, for the sum of $144, and for costs. The defendant, as plaintiff in error, now brings the case to this court.

I. The case was tried in the district court upon the bill of particulars filed in the justice's court, which alleges, in substance, as follows: The plaintiffs owned a two-year-old thoroughbred Shorthorn bull, and the "defendant, by his employé and agent, without the knowledge and consent of the said plaintiffs, killed said bull; that said plaintiffs were damaged by the killing of said bull, in the sum of $250." We think the bill of particulars states a cause of action.

II. On the trial, the plaintiffs, for the purpose of enhancing their damages, attempted to prove that the bull had an excellent pedigree, and for this purpose they introduced in evi-

dence, by the permission of the court, but over the objections
and exceptions of the defendant, a little book issued by pri-
vate individuals as an advertisement of animals which they,
the individuals, had for sale, and containing what purported
to be a pedigree of the plaintiffs' bull.   The book, as read in
evidence, proved that the plaintiffs' bull was of the very best
Shorthorn blood, both upon his father's and mother's side.  We
think the court below erred in permitting this book to be in-
troduced in evidence.   It was not original evidence, but merely
a printed statement of what the parties who published it said
about the bull's pedigree.   It was merely hearsay testimony.
It is admitted that the bull in the present case was not regis-
tered in either the American Herd Book or the Canadian
Herd Book, and neither of such herd books, nor any herd
book, was offered in evidence.

III.  One of the plaintiffs was permitted to testify in nar-
rative form, and not in answer to questions put to him.   This
is permissible within the discretion of the trial court, and we
do not think that the trial court abused its discretion in this
case.

IV.  A witness cannot usually be cross-examined upon mat-
ters brought out for the first time upon the cross-examination,
and which are not justified by the examination-in-chief.

V.  We think the evidence showed liability on the part of
the defendant.   A principal, or master, or employer, is usu-
ally liable to third parties for the acts or negligence of his
agent or servant while acting within the scope of his employ-
ment.   Here the defendant instructed his servant to go to a
certain place at a certain time and kill a beef.   The servant
went to such place, at such time, and, finding no animal there
except the plaintiffs' bull, killed the bull, skinned him, dressed
him, and hung his carcass up in the slaughter-house as a beef.
Evidently the servant was honestly attempting to obey the
master's order, and evidently the servant thought that he was
doing so; but he was honestly mistaken.   A "beef," accord-
ing to Webster's Dictionary, may be either a bull, a cow, or

an ox. The servant was all the time acting for the master, and he killed this bull while in the execution of his master's business, and within the scope of his employment; and therefore his master is liable.

VI. It is claimed, however, that the plaintiffs in this action were guilty of contributory negligence; that they themselves wrongfully placed the bull in a corral, or pen, connected with the slaughter-house, where no person except the defendant had any right to place animals, where no animals except such as were brought there for the purpose of being slaughtered should have been placed, and where the bull was liable to be killed as a beef. We hardly think that we are called upon to decide this question; for if the plaintiffs' evidence is true, and probably it is, there is no foundation for this claim of the defendant. According to the plaintiffs' evidence, they had the entire primary right to the place where the bull was killed; they owned it, and the defendant, at most, had only a secondary right thereto, and that right was merely by the sufferance of the plaintiffs, a mere license; and this secondary right or license was not exclusive, but in subordination to the plaintiffs' superior right; and others as well as the defendant were allowed to put animals in such corral or pen. Under the facts as shown by the plaintiffs' evidence, and as would, in all probability, be found by the jury, we would think that the defendant was liable. A master and his servants must know the master's property, and must not mistake other people's property for his to the injury of the other people.

For the error committed by the court below in permitting the little book above mentioned to be introduced in evidence, the judgment of the court below will be reversed, and a new trial ordered.

All the Justices concurring.